# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FAWCETT,<br><br>    Petitioner,<br><br>    v.<br><br>MERCED COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 1:20-cv-01566-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO VACATE CONVICTION OR SENTENCE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>(ECF Nos. 1, 4) |

Petitioner Mark Fawcett is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition and motion to vacate, Petitioner challenges his 2014 Merced County Superior Court convictions for vandalism and stalking. As Petitioner has sought federal habeas relief with respect to the challenged convictions previously, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A. **"In Custody"**

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).

Maleng v. Cook, 490 U.S. 488, 490–91 (1989). A person on parole or probation also satisfies the custody requirement. Thornton v. Brown, 757 F.3d 834, 841 (9th Cir. 2013) ("A state parolee is 'in custody' for purposes of the federal habeas statute[.]" (citing Jones v. Cunningham, 371 U.S. 236, 243 (1963))); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) ("[A] petitioner is 'in custody' for the purposes of habeas jurisdiction while he remains on probation.").

Here, it is unclear whether Petitioner is in custody. Although the petition appears to provide an inmate identification number, Petitioner also states that he has been "released from prison." (ECF No. 1 at 2).[1] Additionally, the address listed on the petition and the motion to vacate is a residential address. (ECF No. 1 at 1; ECF No. 4 at 1). Further, Petitioner has filed a motion to vacate conviction or sentence pursuant to California Penal Code sections 1473.7(a)(1) and 1473.7(a)(2), which applies to a "person who is no longer in criminal custody." Cal. Pen. Code § 1473.7(a). It is also unclear whether Petitioner is on parole or probation. Regardless, even if Petitioner can satisfy the custody requirement, Petitioner is not entitled to habeas relief because the petition is an unauthorized successive petition.

B. **Unauthorized Second or Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the
2  district court that decides whether a second or successive petition meets these requirements.

3        Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by
4  this section is filed in the district court, the applicant shall move in the appropriate court of
5  appeals for an order authorizing the district court to consider the application." In other words, a
6  petitioner must obtain leave from the Ninth Circuit before he can file a second or successive
7  petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must
8  dismiss any second or successive petition unless the Court of Appeals has given a petitioner
9  leave to file the petition because a district court lacks subject-matter jurisdiction over a second or
10 successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

11       In the instant petition, Petitioner challenges his 2014 Merced County Superior Court
12 convictions for vandalism and stalking. (ECF No. 1 at 2). Petitioner previously sought federal
13 habeas relief in this Court with respect to the same convictions. The petition was dismissed with
14 prejudice for failure to state a cognizable federal habeas claim. See Fawcett v. Koenig, No. 1:19-
15 cv-01250-AWI-JLT.[2] Therefore, the Court finds that the instant petition is "second or
16 successive" under 28 U.S.C. § 2244(b). See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228
17 (1995) ("The rules of finality, both statutory and judge made, . . . treat a dismissal for failure to
18 state a claim . . . as a judgment on the merits."); Brian R. Means, Federal Habeas Manual § 11:48
19 (2020 ed.) ("If the federal court in denying the initial petition conclusively determines that the
20 claims presented could not establish a ground for federal habeas relief, the petition is deemed to
21 have been decided on the merits for purposes of the second or successive petition rule. Whether
22 the federal court actually determined the substantive merits of the underlying claims in the initial
23 petition is not determinative.").

24       As Petitioner has already filed a federal petition for writ of habeas corpus regarding his
25 2014 Merced County Superior Court convictions for vandalism and stalking, he cannot file
26 another petition in this Court regarding the same convictions without first obtaining permission
27

28 [2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

from the United States Court of Appeals for the Ninth Circuit. Here, Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

**C. Motion to Vacate Conviction or Sentence**

In addition to his petition, Petitioner filed a motion to vacate conviction or sentence. The motion is on a form approved by the Judicial Council of California. Petitioner checks off boxes indicating that the motion is based on California Penal Code sections 1473.7(a)(1) and 1473.7(a)(2). (ECF No. 4 at 1). Whether Petitioner is entitled to relief under California Penal Code sections 1473.7(a)(1) and 1473.7(a)(2) is an issue of state law, and the Supreme Court has "stated many times that federal habeas corpus relief does not lie for errors of state law." Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curiam).

To the extent that Petitioner contends that he is actually innocent,[3] the Court finds that Petitioner is not entitled to habeas relief. Although "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations," McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the actual innocence gateway does not abrogate 28 U.S.C. § 2244(b)(2)(B), the provision governing successive petitions, Gage v. Chappell, 793 F.3d 1159, 1168–69 (9th Cir. 2015).

**II.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition; and
2. The motion to vacate conviction or sentence (ECF No. 4) be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly ASSIGN a District Court Judge to the present matter.

---

[3] Motions under California Penal Code section 1473.(a)(2) request relief based on "[n]ewly discovered evidence of actual innocence . . . that requires vacation of the conviction or sentence as a matter of law or in the interests of justice." Cal. Pen. Code § 1473.7(a)(2).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 4, 2020**          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE