1

2

3

4

5                                    UNITED STATES DISTRICT COURT

6                                    EASTERN DISTRICT OF CALIFORNIA

7

8

9    MARK FAWCETT,                                  Case No. 1:20-cv-01566-AWI-EPG (HC)

              Petitioner,                           ORDER ADOPTING FINDINGS AND
10                                                  RECOMMENDATION, DISMISSING PETITION
        v.                                          FOR WRIT OF HABEAS CORPUS, DIRECTING
11                                                  CLERK OF COURT TO CLOSE CASE, AND
     MERCED COUNTY SUPERIOR                         DECLINING TO ISSUE CERTIFICATE OF
12   COURT,                                         APPEALABILITY

13            Respondent.                           (Doc. No. 6)

14

15

16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  On December 4, 2020, the Magistrate Judge issued Findings and

18   Recommendation that recommended dismissing the petition as an unauthorized successive petition

19   and dismissing Petitioner's motion to vacate conviction or sentence.  Doc. No. 6.  The Findings and

20   Recommendation was served on Petitioner and contained notice that any objections were to be filed

21   within thirty days of the date of service of the Findings and Recommendation.  To date, no

22   objections have been filed, and the time for doing so has passed.

23         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a

24   de novo review of the case.  Having carefully reviewed the entire file, the Court concludes that the

25   Findings and Recommendation is supported by the record and proper analysis.

26         A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

27   district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

28   El v. Cockrell, 537 U.S. 322, 335–36 (2003).  The controlling statute in determining whether to

                                                    1

1  issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)
>
>> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>>
>>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>>
>>> (B) the final order in a proceeding under section 2255.
>>
>> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>>
>> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, reasonable jurists would not find the Court's determination that Petitioner's habeas petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

///

1      Accordingly, IT IS HEREBY ORDERED that:

2     1.     The Findings and Recommendation issued on December 4, 2020 (Doc. No. 6) is

3           ADOPTED in full;

4     2.     The petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

5     3.     Petitioner's motion to vacate conviction or sentence (Doc. No. 4) is DISMISSED;

6     4.     The Clerk of Court is directed to CLOSE the case; and

7     5.     The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   January 25, 2021

SENIOR DISTRICT JUDGE

3